IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *ex rel.* PAUL J. SOLOMON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:12-CV-4495-D |
| VS. | § | |
| | § | |
| LOCKHEED MARTIN CORP., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Lockheed Martin Corporation ("Lockheed") moves under Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b) to dismiss plaintiff Paul J. Solomon's ("Solomon's") action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq*. Defendant Northrop Grumman Systems Corporation ("Northrop") moves to partially dismiss Solomon's action under Rule 12(b)(1) and (b)(6). Concluding that defendants' motions present a threshold jurisdictional issue that should be decided under the summary judgment standard, the court orders that defendants file motions for summary judgment that present their jurisdictional challenges based on the FCA public disclosure bar.

I

Solomon sues Lockheed and Northrop, alleging that he is entitled to recover under various provisions of the FCA. Lockheed and Northrop each move to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, relying on the FCA public disclosure bar found in 31 U.S.C. § 3730(e)(4). Although defendants also assert merits-based grounds for

dismissal, the court can only reach these grounds if it has subject matter jurisdiction. The court must therefore decide as a threshold question whether the public disclosure bar of § 3730(e)(4) deprives it of subject matter jurisdiction. *See United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*, 384 F.3d 168, 173 (5th Cir. 2004) ("We must first address whether the district court properly dismissed [plaintiff's] claims for lack of jurisdiction under the FCA's 'public disclosure bar,' found at 31 U.S.C. § 3730(e)(4)," because "[i]f the jurisdictional bar applies, then dismissal was proper and we need go no further."); *see also United States ex rel. Lockey v. City of Dallas*, 2013 WL 268371, at *16 (N.D. Tex. Jan. 23, 2013) (O'Connor, J.) (granting in part defendant's motion to dismiss for lack of subject matter jurisdiction under FCA jurisdictional bar and denying motion in part as moot for failure to state a claim), *aff'd*, 576 Fed. Appx. 431 (5th Cir. 2014); *United States ex rel. Sonnier v. Standard Fire Ins. Co.*, 84 F.Supp.3d 575, 583-85, 594 (S.D. Tex. 2015) (granting motion to dismiss under Rule 12(b)(1) without addressing arguments for dismissal under Rules 12(b)(6) and 9(b), explaining that FCA jurisdictional bar "deprives this court of jurisdiction and makes it unnecessary to address the defendants' remaining arguments for dismissal").

II

31 U.S.C. § 3730(e)(4)—known as the FCA "public disclosure bar" or "jurisdictional bar"—precludes a district court from exercising jurisdiction over certain FCA actions that involve publicly disclosed allegations. The parties agree that this case is governed by the version of the FCA that was in effect prior to the 2010 amendments, because all of

Solomon's claims concern alleged conduct that took place before the amendments took effect.[1] Accordingly, the court will assume that the prior version of the FCA governs in this case.

The pre-2010 version of the FCA public disclosure bar provided:

> (A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.
>
> (B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

31 U.S.C. § 3730(e)(4)(A)-(B) (2006).

In *United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322 (5th Cir. 2011), the Fifth Circuit addressed whether the district court properly dismissed a suit under Rule

---

[1]In 2010, as part of the Patient Protection and Affordable Care Act, the public disclosure bar was amended by eliminating the jurisdictional language and modifying other language. *See* 31 U.S.C. § 3730(e)(4) (2012); *see also United States ex rel. Lockey v. City of Dallas*, 576 Fed. Appx. 431, 435 n.1 (5th Cir. 2014) (per curiam); *United States ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 915-18 (4th Cir. 2013) (explaining changes to FCA public disclosure bar under 2010 amendments, and refusing to apply 2010 version retroactively to action alleging pre-amendment fraud commenced after effective date of amendments), *cert. denied*, ___U.S.___, 135 S.Ct. 2376 (2015). All the cases cited and discussed in this memorandum opinion and order address the pre-2010 version of the FCA.

12(b)(1) based on the FCA public disclosure bar. *Id.* at 326. It explained that "'[a] challenge under the FCA jurisdictional bar is necessarily intertwined with the merits' and is, therefore, properly treated as a motion for summary judgment." *Id.* (quoting *Reagan*, 384 F.3d at 173 (citation omitted)); *see also United States ex rel. Colquitt v. Abbott Labs.*, 864 F.Supp.2d 499, 516 (N.D. Tex. 2012) (Lynn, J.) (contrasting how courts usually address motions to dismiss for lack of subject matter jurisdiction with how the Fifth Circuit instructs courts to do so in the context of the FCA public disclosure bar). "Summary judgment will be granted if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Jamison*, 649 F.3d at 326 (citing *Reagan*, 384 F.3d at 173; Rule 56(a)). With respect to the burden of proof:

> the defendants must first point to documents plausibly containing allegations or transactions on which [plaintiff's] complaint is based. Then, to survive summary judgment, [plaintiff] must produce evidence sufficient to show that there is a genuine issue of material fact as to whether his action was based on those public disclosures. In evaluating that question, we view the evidence [plaintiff] produces in the light most favorable to him.

*Id.* at 327 (footnotes omitted)[2]; *see also United States ex rel. Lam v. Tenet Healthcare Corp.*,

---

[2]*Jamison* deemed the typical burden of proof analysis under Rule 12(b)(1)—in which "'the party seeking to invoke federal jurisdiction bears the burden of demonstrating that jurisdiction is proper'"—to be problematic in the context of the FCA jurisdictional bar. *Jamison*, 649 F.3d at 327 (quoting *Santos v. Reno*, 228 F.3d 591, 594 (5th Cir. 2000)). The Fifth Circuit has "distilled [the FCA jurisdictional bar] into a three-part test, asking '1) whether there has been a 'public disclosure' of allegations or transactions, 2) whether the qui tam action is 'based upon' such publicly disclosed allegations, and 3) if so, whether the

- 4 -

287 Fed. Appx. 396, 399, 402 (5th Cir. 2008) (explaining that district court denied defendant's 2006 motion to dismiss under FCA jurisdictional bar because "there was an issue of fact on [the] question" whether plaintiffs were "original sources," and upholding district court's granting of defendant's 2007 motion for summary judgment because plaintiffs were not "original sources").

In briefing the present motions to dismiss, the parties address the elements of the FCA public disclosure bar, but they do not do so under the summary judgment standard.³ Solomon

---

relator is the 'original source' of the information.'" *Id.* (quoting *Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 450 (5th Cir. 1995)). *Jamison* explained that

> [i]n regard to the first two steps of the public disclosure bar under the FCA, however, that rule would require the relator to prove a negative: that there are *no* public disclosures of allegations or transactions upon which his action is based. We do not construe our precedent to require such an impossibility. Nonetheless, once the opposing party has identified public documents that could plausibly contain allegations or transactions upon which the relator's action is based, the relator bears the burden of demonstrating that they do not.

*Id.* (emphasis in original).

³The parties occasionally cite relevant Fifth Circuit cases that address this issue, but they do not clearly cite these cases for the proposition that district courts should treat Rule 12(b)(1) motions to dismiss under the FCA public disclosure bar as summary judgment motions. For example, the parties cite *Jamison* when discussing whether the court should only consider the complaint or whether it can also consider the amended complaint for purposes of a challenge under the FCA public disclosure bar. *See* Lockheed Mot. to Dismiss 2 n.2, 10, 17; Lockheed Reply 2 n.4; P. Resp. to Lockheed 4. Lockheed cites *Jamison* and *Reagan* for the proposition that "[t]he public disclosure bar precludes 'parasitic suits by opportunistic late-comers who add nothing to the exposure of fraud.'" Lockheed Mot. to Dismiss 10 (quoting *Jamison*, 649 F.3d at 322). Lockheed also cites *Reagan* and *Colquitt* for definitions of "direct and independent knowledge." *Id.* at 14, 16; Lockheed Reply 6.

argues that "the Court should apply the [Rule] 12(b)(6) standard, presuming that the well-pleaded factual allegations in [Solomon's] Complaint are true, and should determine only whether [Solomon] has alleged sufficient facts to support subject-matter jurisdiction." P. Resp. to Lockheed 3-4; *see also* P. Resp. to Northrop 12-13 n.12.[4] In support, Solomon cites two cases from this district,[5] both of which pre-date *Jamison*. Solomon does not otherwise expressly or implicitly acknowledge that the summary judgment standard governs whether the FCA public disclosure bar precludes the court from exercising subject matter jurisdiction. He has not submitted evidence in support of his opposition responses, and the two one-page exhibits attached to his response to Northrop's motion to dismiss do not contain summary judgment evidence. Rather, these exhibits merely state that the complaint, civil summons, notice that the United States is not intervening, and the court's non-intervention order are enclosed and have been served on the defendants, and that Solomon intends to file an amended complaint under Rule 15(a)(1).

For their part, Lockheed and Northrop neither explicitly rely on the summary judgment standard nor challenge Solomon's assertion that the Rule 12(b)(6) standard applies.

---

Northrop cites *Lockey* and *Colquitt* when discussing the elements of the FCA public disclosure bar. Northrop Br. 13.

[4]Because Solomon has filed separate responses to defendants' motions to dismiss, the court for clarity will refer to Solomon's responses according to the name of the defendant whose motion the response addresses.

[5]*United States ex rel. Barrett v. Johnson Controls, Inc.*, 2003 WL 21500400 (N.D. Tex. Apr. 9, 2003) (Lynn, J.), and *United States ex rel. Coppock v. Northrop Grumman Corp.*, 2002 WL 1796979 (N.D. Tex. Aug. 1, 2002) (Fitzwater, J.).

Lockheed asserts that "Solomon was required—but completely failed—to plead facts demonstrating his direct and independent knowledge of the allegations against Lockheed." Lockheed Mot. to Dismiss 14.  It posits that "[b]ecause all of the information relevant to this public disclosure challenge is either referenced in Solomon's Complaint or available in public records, the Court may review this motion as a facial challenge to subject matter jurisdiction under Rule 12(b)(1)." *Id.* at 9 n.13 (citing *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)).  The page in *McElmurray* that Lockheed cites explains that, because a Rule 12(b)(1) motion to dismiss presents a facial challenge, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised," and thus "the court must consider the allegations in the plaintiff's complaint as true." *McElmurray*, 501 F.3d at 1251 (citations omitted).  But Lockheed has filed evidence appendixes that are more consistent with briefing a summary judgment motion.

Although Northrop does not rely explicitly on the summary judgment standard, it argues that § 3730(e)(4)(B) "places the burden on [Solomon] to show that his allegations are meaningfully different from what had already been discovered, and are not merely the 'product and outgrowth' of publicly disclosed information," Northrop Br. 19, and, in support, it cites *United States ex rel. Fried v. West Independent School District*, 527 F.3d 439, 443 (5th Cir. 2008). *Fried* applied the summary judgment standard to a challenge under the FCA public disclosure bar, *id.*, although it did so in a case in which the defendant moved for summary judgment.  Northrop also largely relies on evidence outside the pleadings,

suggesting that it views the summary judgment standard as controlling.

III

Because a challenge under the FCA public disclosure bar must be treated as a motion for summary judgment, *see Jamison*, 649 F.3d at 326, some courts convert Rule 12(b)(1) motions to dismiss into motions for summary judgment. *See, e.g., Lockey*, 2013 WL 268371, at *5 n.3; *United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*, 274 F.Supp.2d 824, 837-38, 863 (S.D. Tex. 2003), *aff'd*, 384 F.3d 168 (5th Cir. 2004). Other courts, however, treat Rule 12(b)(1) motions as summary judgment motions, without converting them. *See, e.g., United States ex rel. Jamison v. McKesson Corp.*, 2010 WL 1276712, at *14 (N.D. Miss. Mar. 25, 2010), *aff'd*, 649 F.3d 322 (5th Cir. 2011). The court concludes in its discretion that, rather than treat defendants' motions to dismiss as summary judgment motions or convert them into summary judgment motions, defendants should make their jurisdictional challenges in summary judgment motions.

In *Jamison* the district court addressed together defendants' motion to dismiss and plaintiff's motion for partial summary judgment, and it relied on summary judgment evidence, such as the record and plaintiff's deposition testimony, when ruling on the motion to dismiss. *See Jamison*, 2010 WL 1276712, at *1, *13-14. Similarly, the *Reagan* court converted defendants' motion to dismiss into a summary judgment motion because defendants "ha[d] asked the court to consider a host of exhibits to resolve the Rule 12(b)(1) motion to dismiss," and "ha[d] also filed a motion for summary judgment, with accompanying exhibits," and "Plaintiff ha[d] responded to both motions, with further

- 8 -

evidentiary support of her FCA claims." *Reagan*, 274 F.Supp.2d at 837-38. In *Lockey* Judge O'Connor converted a motion to dismiss into a summary judgment motion, reasoning that "both parties submitted evidence outside the pleadings in their motion to dismiss briefing, urging the Court to consider the evidence"; "[plaintiffs] themselves even assert[ed] that using the summary judgment standard [was] proper" and thus "they were on notice that the Court could properly treat Defendants' motion to dismiss as a motion for summary judgment"; and "[plaintiffs] had over nine months to respond and present summary judgment evidence." *Lockey*, 2013 WL 268371, at *5 n.3. In the present case, however, no party has filed a summary judgment motion. And although defendants rely on evidence outside the pleadings and have submitted supporting evidence, Solomon has not submitted opposing evidence. Moreover, none of the parties clearly asserts that the summary judgment standard governs defendants' challenges under the FCA public disclosure bar. In fact, Solomon maintains that the court should follow the Rule 12(b)(6) standard, which defendants do not challenge in their reply briefs, and Lockheed's briefing suggests that it is likewise addressing the subject matter jurisdiction issue under the Rule 12(b)(6) standard.

Accordingly, to ensure under the specific circumstances of this case that the parties have a fair opportunity to brief the threshold issue of jurisdiction under the proper standard, the court declines to treat defendants' motions to dismiss as summary judgment motions or to convert the motions to dismiss into summary judgment motions. Instead, the court orders that, within 28 days of the date this memorandum opinion and order is filed, defendants file motions for summary judgment that present their jurisdictional challenges based on the FCA

public disclosure bar.[6]  Response and reply[7] pleadings must be filed by the deadlines set by the local civil rules.[8]

* * *

For the reasons explained, the court orders that defendants file motions for summary judgment that present their jurisdictional challenge based on the FCA public disclosure bar. Lockheed and Northrop's motions to dismiss remain pending and will be decided, if necessary, after the court addresses defendants' jurisdictional challenges. Solomon's August 12, 2015 motions to strike and alternatively for leave to file a surreply are denied without prejudice.

**SO ORDERED**.

November 10, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[6]The court grants defendants leave under N.D. Tex. Civ. R. 56.2(b) to file these motions without counting them toward the one-motion limit.

[7]The parties have filed appendixes in support of their reply briefs. They are reminded that appendixes in support of summary judgment reply briefs may not be filed without leave of court. *See Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (Fitzwater, J.) (holding that party may not file summary judgment reply appendix without first obtaining leave of court).

[8]With court approval, the parties may agree to reasonable extensions of any deadline set by this memorandum opinion and order or the local civil rules.